Ingalls, J.
This motion is made by the defendant to procure a change of the place of trial of this action, upon the ground only that the cause of action stated in the complaint is against the defendant as a public officer, and is therefore local, and consequently triable in the city and county of New York. Having reached the conclusion that the facts and the law applicable' thereto, do not confer upon the defendant any such right, I will briefly state my reasons for such conclusion. This action having been brought, on behalf of the people of the state, and regarding the cause of action stated in the complaint, the place of trial could properly be located in any county of the state. The People v. Cook, 6 How., 448; The People v. Hayes, 7 How., 250. These decisions were made after the adoption of the Code of Procedure, and I do not perceive that any of the provisions of the Code of Civil Procedure, as they now exist, can have the effect to change the rule declared by the adjudication above referred to, as applied to the facts of this case, as they appear by the complaint herein. So far as I discover, the only section of the Code of Civil Procedure upon which, in my judgment, the defendant can base even a plausible contention in support of his theory, is section 983, wherein *579 are specified certain causes of action which the defendant is entitled to have tried in a particular county.
First—To recover a penalty or forfeiture, imposed by statute.
Second—Against a public officer or a person especially appointed to execute his duties; for an act done in virtue of his office, or for an omission to perform a duty incident to his office.
A careful consideration of the statement contained in the complaint has convinced me that it does not contain a cause of action within the contemplation of the section of the Code referred to. The complaint charges the defendant with having, on or about the 29th day of January, 1880, unlawfully intruded into and usurped the office of quarantine commissioner, and with unlawfully retaining such office. This constitutes, in substance, the plaintiff’s cause of action; the acts and omissions of the defendant, relied upon by the plaintiff in support of such charge in the complaint, are therein stated, viz. : that the defendant, at the time of his appointment to such office, was not a resident within the metropolitan police district, as required by the statute which authorized the appointment of such commissioner. That the defendant has not been such resident since his appointment ; that the defendant omitted to take the oath of office required by law.
The relief claimed in this complaint is generally consistent with the alleged cause of action; and if it were not, it would not constitute the test of the cause of action, as a complaint may state in due form a sufficient cause of action, yet demand very inappropriate relief, in which case the court may, and generally will, conform the judgment to the facts alleged and established by the evidence, without regard to the relief demanded. The complaint contains the following demand for judgment:
That the defendant may be adjudged guilty of usurping and intruding into the office of quarantine commissioner, and unlawfully holding and exercising the powers and franchises of said office, and that he has forfeited the same to the people of the state of Eew York, and that final judgment be rendered herein in favor of plaintiff ousting and excluding the said defendant from said office, and for the costs of this action, and that the court also award and adjudge that the said defendant pay to the said people of the state of Eew York a fine of $2,000. The legitimate inference from the facts stated in the complaint is that the defendant has never become legally authorized to hold the said office or to discharge the duties thereof; and has never become quarantine commissioner. The defendant is not charged in the complaint with the performance of any wrongful act in virtue of the office while discharging the duties thereof, nor for any omission to perform any duty incident to such office. The section of the Code referred to *580 seems based upon the assumption that the person who should be allowed to avail himself of its provision must first become such officer and entitled to discharge the duties of the office. The. conclusion seems reasonable that the act or omission which is contemplated by such section of the Code as the basis of a cause of action which can be regarded local within the intention of the statute, must relate to the performance of some act or the omission of a duty which arises out of and in the course of the performance by an officer, of the duties of an office. The complaint, in my judgment, states no such case. It will be perceived that said section of the Code, by its terms, applies also to a person who is specially appointed to discharge the duties of an officer, which seems to lend support to the view above expressed. The omission by defendant to take the oath of office cannot, I think, be regarded an omission to perform a duty incident to the office? but rather an omission to perform an act required by law, to entitle him to enter upon the duties of such office, and may be regarded somewhat in the nature of a condition precedent.to his right to perform any duty, as such officer, under the appointment.
It would seem hardly reasonable to hold that the failure to take the oath of office would constitute an omission to perform a duty incident to the office, when such omission legally disqualified the officer from discharging the duties of the office. In other words, within the intention of that provision of the Code, the person must become an officer before he can be charged with an act done in virtue of his office, or for an omission to perform a duty incident to his office. The complaint is wanting in distinctive elements, which are essential to the statement of a cause of action to recover a penalty or forfeiture imposed by statute. The assertion in the demand for judgment, that the court award and adjudge that the said defendant pay to the said people of the state, of New York a fine of $2,000, cannot have the effect to change the cause of action stated in the complaint, and constitute it an action to recover a penalty or forfeiture imposed by statute, within the meaning and intention of the section of the Code referred to. It is essential that a pleading be constructed in such form, and contain the statement of facts necessary to justify the relief sought.
In this complaint, the relief claimed is generally consistent with the statement of the cause of action. For the purpose of disposing of this motion, I deem it necessary only to determine whether the complaint contains a cause of action which is local within the provisions of the Code of Civil Procedure. And having reached the conclusion that it does not, it is neither necessary or expedient to discuss or decide the other questions argued, as they can be more appropriately disposed of upon the trial of the action.
It seems to be the policy of the law to allow the attorney-general to locate the place of trial of this class of actions ia *581 any county of the state, subject to the power of the court to change the place of the trial for convenience of witnesses, whenever the cause is in proper condition for such a motion.
The motion must be denied, with costs to abide the event of the action.